UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 08-61539-CIV-GOLD/DUBE

LINDA BARRIO,

      Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION; CLOSING CASE

This CAUSE is before the Court on the Report and Recommendation filed by U.S. Magistrate Judge Robert L. Dube [DE 20], to which Plaintiff has filed an Objection [DE 21]. Defendant filed a supplemental Response [DE 23] as ordered by this Court. The Report recommends the grant of Defendant's Motion for Summary Judgment [DE 14] and the denial of Plaintiff's Motion for Summary Judgment [DE 15] as to Plaintiff's Complaint for social security disability insurance benefits. I have carefully reviewed the Report, the Objection, the case file and the applicable law. For the following reasons, I adopt the Report and Recommendation.

### I.    Background

On September 25, 2006, Plaintiff filed an application for disability insurance benefits, which asserted disability since February 9, 2006. (Record ("R.") 64-68).[1] The application was denied initially and on reconsideration. (R. 51-60). A hearing was held on January 8, 2008, before an Administrative Law Judge ("ALJ") of the Social Security Administration

---

[1] The Record is docketed at DE 5-2, beginning on page 5.

1

("SSA"), who issued a decision denying the application for benefits. (R. 13-23). Prior to February 9, 2006, Plaintiff was employed as a facility assignment clerk at Bell South for ten years. (R. 27). At the hearing, Plaintiff had an opportunity to testify about her previous work, her medical history, and the current mental and physical limitations she faces. (R. 26-33).

## II. Standard of Review

Judicial review of the factual findings in disability cases is limited to determining whether the record contains substantial evidence to support the ALJ's findings and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *O'Bier v. Comm'r of Soc. Sec.*, 2009 WL 1904706, *1 (11th Cir. Jul. 2, 2009); *Kelley v. Apfel*, 185 F.3d 1211, 1213 (11th Cir. 1999): *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). "Substantial evidence" is more than a scintilla, but less than a preponderance and is generally defined as such relevant evidence which a reasonable mind would accept as adequate to support a conclusion. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004).

In determining whether substantial evidence exists, the court must scrutinize the record in its entirety, taking into account evidence favorable as well as unfavorable to the Commissioner's decision. *Foote v. Chater*, 67 F.3d 1553 (11th Cir. 1995); *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988). The reviewing court must also be satisfied that the decision of the Commissioner correctly applied the appropriate legal standards. See, Bridges v. Bowen, 815 F.2d 622, 624 (11th Cir. 1987). The court may not reweigh evidence or substitute its judgment for that of the ALJ, and even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the

decision is supported by substantial evidence. See Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991); Baker v. Sullivan, 880 F.2d 319. 321 (11th Cir. 1989).

The restrictive standard of review set out above applies only to findings of fact. No presumption of validity attaches to the conclusions of law found by the Commissioner, including the determination of the proper standard to be applied in reviewing claims. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). The failure by the Commissioner to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal. Cornelius v. Sullivan, 936 F.2d 1143, 1145-1146 (11th Cir. 1991); see also Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III.   Discussion

A claimant must undergo a five-step sequential evaluation process in order to meet the Social Security Administration guidelines for disability benefits. 20 C.F.R. § 404.1520. There is no dispute as to steps 1 and 2, because Plaintiff is not engaged in substantial gainful activity and has a number of severe combination of impairments that significantly limit her ability to do basic work activities. At Step 3, if the claimant can show that he or she has an impairment that meets or equals one of the Listings of Impairments ("Listing") at 20 C.F.R. Pt. 404, Subpt. P, App. 1, she will be found disabled without further consideration. It is undisputed that although Plaintiff suffers from ulcerative colitis, mild carpal tunnel syndrom, tendosynovitis and some degenerative arthritis, and from anxiety and depression, she does not meet any of the Listing. Step 4 involves a determination of

whether the impairments prevent the climant from performing his or her past relevant work. If the claimant cannot perform his or her past relevant work, based on his or her residual functional capacity ("RFC"), then a prima facie case of disability is established and the burden shifts to the Commissioner to show, at step five, that there is other work available in the national economy which the claimant can perform.[2]  20 C.F.R. § 404.1520(e)-(f).

At issue is whether there is substantial evidence to support the ALJ's finding that Plaintiff failed to meet Step 4 of this sequential analysis. In this case, the ALJ concluded, after determining Plaintiff's RFC, that Plaintiff could return to her past relevant work as an assignment clerk with the following reasoning:

> In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as actually and generally performed. This finding is based in part on the claimant's own description of the work in her hearing testimony.

(R. 22).

Plaintiff takes issue with this conclusion for two main reasons: (1) the mental and physical RFC as determined by the ALJ was not supported by substantial evidence; and (2) the ALJ failed to properly compare Plaintiff's RFC with that demands of her past work in concluding she can return to her past work. I address each in turn.

A.  Plaintiff's mental and physical RFC

Plaintiff contends that based on the evidence in the record, substantial evidence did not exist to support the ALJ's determination as to her mental and physical RFC. The ALJ

---

[2] The residual functional capacity is an assessment of all of the relevant evidence of a claimant's remaining ability to do work despite his or her impairments. 20 CFR § 404.1545(a).

4

determined Plaintiff's mental RFC restricted her to simple routine tasks in a low-stress work environment and that her physical RFC enabled her to lift and/or carry up to ten pounds on a frequent basis and up to twenty pounds on an occasional basis; to stand and/or walk flr a total of up to six hours per eight-hour workday; and to sit (with normal breaks) for a total of up to six hours per eight hour work day. (R. 21). Based on the thorough analysis set forth in the Report, I conclude the evidence in the record adequately supports the ALJ's conclusion. Plaintiff contends that ALJ placed undue weight on the opinions of non-examining and non-treating state agency psychologists and should have instead accorded more weight to the medical opinion of Drs. Nelson-Wernick and Perovich, who had been treating Plaintiff since 1999 and 2003, respectively. However, the ALJ properly found aspects of their opinion could not be fully reconciled with their medical findings and articulated those discrepancies as required by law. (R. 22); *Philips v. Barnhart*, 357 F.3d 1232, 1340-41 (11th Cir. 2004). Plaintiff's argument that she is not even capable of low stress work is unavailing and wholly unsupported by the record. Further, as to Plaintiff's physical RFC, the ALJ took into consideration all relevant evidence and decided to adopt the more restrictive assessment supported by the record, which found Plaintiff only able to perform light work. 20 C.F.R. § 404.1567 (To determine the physical exertion requirements of work in the national economy, we classify jobs as sedentary, light, medium, heavy, and very heavy). Accordingly, substantial evidence in the record supports the ALJ's mental and physical RFC determinations.

B.   Ability to perform past relevant work

Plaintiff bears the burden of showing that she is unable to return to her past relevant work. *See Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995); *Barnes v. Sullivan*, 932

F.2d 1356, 1369 (11th Cir. 1991). The inability to perform pervious work relates to the *type of work* performed, not to merely a specific prior job. *Jackson v. Bowen*, 801 F.2d 1291, 1293 (11th Cir. 1986) (emphasis added);Social Security Ruling ("SSR") 82-61 (Under sections 404.1520(e) and 416.920(e) of the regulations, a claimant will be found to be "not disabled" when it is determined that he or she retains the RFC to perform [t]he actual functional demands and job duties of a particular past relevant job; or...[t]he functional demands and job duties of the occupation as *generally required* by employers throughout the national economy) (emphasis added).[3] Plaintiff's past work as an assignment clerk represents a type of work that can be done by individuals with Plaintiff's RFC. Although Plaintiff argues that her particular job as an assignment clerk requires a functional capacity in excess of her limitations, she has not carried to burden that she is incapable of the functional demands and job duties of an assignment clerk as *generally required* by employers throughout the national economy. Plaintiff cites unpersuasively to SSR 82-62, which, consistent with SSR 82-61, provides that "[t]he RFC to meet the physical and mental demands of jobs a claimant has performed in the past (either the specific job a claimant performed *or the same kind of work as it is customarily performed throughout the economy*) is generally a sufficient basis for a finding of "not disabled." As previously noted, the ALJ determined that, based "in part" on Plaintiff's description of her work as an

---

[3] Social Security Rulings may be based on case decisions made at all administrative levels of adjudication, Federal court decisions, Commissioner's decisions, opinions of the Office of the General Counsel, and other policy interpretations of the law and regulations. Although Social Security Rulings do not have the force and effect of the law or regulations, they are binding on all components of the SSA in accordance with section 20 C.F.R. § 402.35(b)(1) and are to be relied upon as precedents in adjudicating social security disability benefit cases.

assignment clerk, Plaintiff is able to the job of an assignment clerk as "generally performed." Plaintiff's argument that the ALJ did not properly compare her RFC with the demands of her previous job is immaterial as a matter of law. Accordingly, it is hereby

ORDERED and ADJUDGED that

1. The Report and Recommendation [DE 20] is ADOPTED.
2. Defendant's Motion for Summary Judgment [DE 14] is GRANTED.
3. Plaintiff's Motion for Summary Judgment [DE 15] is DENIED.
4. All other pending motions are DENIED as moot.
5. This case is CLOSED.

DONE and ORDERED in Chambers in Miami, Florida, this 15 day of September, 2009.

THE HONORABLE ALAN S. GOLD
UNITED STATES DISTRICT JUDGE

cc:
All counsel of record
U.S. Magistrate Judge Robert L. Dube